UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIZZIE M. SUTTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05 C 3631 |
| v. ) | |
| ) | Judge John W. Darrah |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Lizzie M. Sutton, filed an application for Title XVI supplemental security income benefits on June 26, 2000, alleging she was disabled beginning on May 27, 1999, due to pain in her back, ankles, and right knee. Plaintiff's application and her subsequent request for reconsideration were denied. Plaintiff filed a Request for Hearing; and on May 15, 2002, a hearing was held before Administrative Law Judge Robert C. Asbille. Plaintiff and a vocational expert, Thomas Dunleavy, testified at the hearing. Plaintiff was not represented by counsel at the hearing. On May 31, 2002, ALJ Asbille denied Plaintiff's disability application.

Plaintiff filed a Request for Review of Hearing Decision with the Appeals Council, which was denied. In June 2005, Plaintiff filed a Complaint, requesting review of the final determination. On February 15, 2006, this Court denied both parties' motions for summary judgment and granted Plaintiff's Motion to Remand. The decision of the ALJ was vacated, and the proceeding was remanded for further proceedings. Presently pending before the Court is Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act ("EAJA").[1]

---

[1] The complete history of the case and the Court's findings are fully set forth in the Court's previous Memorandum Opinion and Order and are not repeated here.

The EAJA provides that a district court may award attorney's fees to a successful litigant if: (1) she was a "prevailing party," (2) the government's position was not "substantially justified," (3) no special circumstances existed that would make an award unjust, and (4) she timely filed an application with the district court. *See Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006) (*Cunningham*). It is undisputed that the only issue before the Court is whether the Government's position was substantially justified.

Attorney's fees may be awarded if the Commissioner's pre-litigation conduct or litigation position lacked substantial justification. The Commissioner's pre-litigation conduct includes the ALJ's decision. *See Cunningham*, 440 F.3d at 863-4. The Commissioner's position is substantially justified if it has "reasonable factual and legal bases, and there . . . exist[s] a reasonable connection between the facts and her legal theory." *Cunningham*, 440 F.3d at 864. The burden of establishing that the Commissioner's position was substantially justified lies with the Commissioner. *See Cunningham*, 440 F.3d at 864.

Plaintiff argues that the Commissioner lacked substantial justification in the pre-litigation action because the ALJ failed to obtain a knowing and intelligent waiver of Plaintiff's right to counsel. In addition, the ALJ's decision lacked substantial justification because: (1) the ALJ did not fully and fairly develop and weigh the evidence of record when he had a heightened duty to do so since Plaintiff was not represented by counsel and (2) the ALJ failed to follow SSR 00-4p and to ascertain whether the vocational expert's ("VE") testimony conflicted with the Dictionary of Occupational Titles ("DOT").

In the instant case, Plaintiff did not knowingly and intelligently waive her right to counsel because the ALJ failed to discuss in what manner an attorney could be helpful to the Plaintiff and

2

the limitation on attorney's fees to 25 percent of past due benefits and the required court approval of fees. In addition, Plaintiff's receipt of a notice containing information regarding a claimant's right to counsel, in and of itself, was insufficient to establish a valid waiver of Plaintiff's right to counsel especially since the ALJ did not question Plaintiff, who only has an eighth grade education and has never worked, if she had received, read, and understood the notice and leaflet.

A claimant has a statutory right to counsel at a disability hearing. 42 U.S.C. § 406; 20 C.F.R. § 404.1700. A claimant may waive her right to counsel if properly informed of the right to have counsel. *See Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994) (*Binion*). However, it is clearly established that to ensure a valid waiver of counsel, the ALJ must explain to a *pro se* claimant: (1) the manner in which an attorney can aid in the proceedings, (2) the possibility of free counsel or a contingency arrangement, and (3) the limitation on attorney's fees to 25 percent of past due benefits and the required court approval of fees. *See Thompson v. Sullivan*, 933 F.2d 581, 584 (7th Cir. 1991) (*Thompson*). Furthermore, the ALJ has a duty to make an effort to *explain* the above-required matters. *See Binion*, 13 F.3d at 245; *Thompson*, 933 F.2d at 584-85.

Based on the above, the ALJ failed to follow well-established law. Furthermore, the ALJ failed to develop a full and fair record, requiring a remand. *See Binion*, 13 F.3d at 245.

An ALJ's duty to develop a full and fair record when a claimant proceeds *pro se* "is met if the ALJ probes the claimant for possible disabilities and uncovers all of the relevant evidence." *Binion*, 13 F.3d at 245. When the claimant is *pro se*, "the ALJ has a duty scrupulously and conscientiously to probe into, inquire of and explore for all of the relevant facts . . . ." *Binion*, 13 F.3d at 245 (internal quotes omitted). If the claimant did not give a valid waiver of counsel, the duty is on the Commissioner to demonstrate that the ALJ adequately developed the record. *Binion*,

13 F.3d at 245. Factors considered in determining whether the ALJ developed a full and fair record include: (1) whether the ALJ obtained all of the claimant's medical and treatment records; (2) whether the ALJ elicited detailed testimony from the claimant at the hearing – *i.e.*, probing into relevant areas such as: medical evidence on the record, medications, pain, daily activities, and the nature of all physical and mental limitations; and (3) whether the ALJ heard testimony from examining or treating physicians. *See, e.g., Binion*, 13 F.3d at 245.

Here, the ALJ dismissed Plaintiff's physician's most recent statement of Plaintiff's disability and did not address all of the treating physician's findings. Furthermore, the ALJ concluded that Plaintiff's functional limitations were essentially confined to the lower extremities, discounting Plaintiff's treating physician's diagnosis of degenerative joint disease in her back. "An ALJ has a duty to solicit additional information to flesh out an opinion for which medical support is not readily discernable." *Barnett v. Barnhart*, 381 F.3d 664, 669 (7th Cir. 2004); *Smith*, 231 F.3d at 437-38 (ALJ's duty to develop the record includes eliciting updated medical records when ALJ did not afford the treating doctor's opinion controlling weight on that basis). The ALJ also discounted an August 2000 X-ray of Plaintiff's right knee without soliciting any more current X-rays.

While the ALJ did elicit Plaintiff's testimony, he did not ask Plaintiff any questions relating to the medical evidence on the record nor did he try to clarify Plaintiff's answers. Furthermore, the ALJ did not receive any testimony from Plaintiff's treating physician or any other physician that had treated Plaintiff. *See Thompson*, 933 F.2d at 587 (more thorough questioning of claimant and ordering additional examinations would have been appropriate to fully and fairly develop the record of unrepresented claimant).

Lastly, after discussing the VE's qualifications, the ALJ asked the VE only two hypotheticals. The ALJ did not inquire of the VE whether there was any inconsistency between the VE's testimony and the DOT, as required. *See* SSR 00 - 4p; 65 FR 75759, 75760 ("[A]s part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is" a conflict between the VE's testimony and the DOT."). The ALJ's failure to comply with SSR 00-4p was not harmless because the VE's testimony was inconsistent.

Based on these multiple errors of established law and significant errors of fact discussed above, the Commissioner's position was not substantially justified.

Plaintiff seeks an hourly rate of $156.25 per hour for 11.10 hours of work performed in 2005 and an hourly rate of $157.50 per hour for 5.5 hours of work performed in 2006. These fees and hours worked are reasonable. Plaintiff also seeks paralegal and law clerk fees at the rate of $100.00 per hour for a total of 50.5 hours of work. Work performed by paralegals and law clerks is compensable under the EAJA. *See Missouri v. Jenkins*, 491 U.S. 274, 285-88 (1989); *Rohan v. Barnhart*, 306 F. Supp. 2d 756, 774 (N.D. Ill. 2004). These fees and hours worked are reasonable.[2]

For the foregoing reasons, Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act is granted. Plaintiff is awarded a total of $7,650.63 in fees.

Dated: August 29, 2006

JOHN W. DARRAH
United States District Court Judge

---

[2] Defendant does not dispute the reasonableness of fees sought nor the hours worked in its response brief.